

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID COE and JUDY COE, )
)
Plaintiffs, )
)
v. ) Civil Action No. _____
)
AMERICAN BANKERS INSURANCE ) **1:05CV00423**
COMPANY OF FLORIDA and SERGIO )
CARBALLO, )
)
Defendants. )

### ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

On May 4, 2005, Plaintiffs David Coe and Judy Coe submitted a *pro se* complaint to this Court and requested that they be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). In their complaint, Plaintiffs allege that their homeowner's insurance company, Defendant American Bankers Insurance Company of Florida, failed to properly compensate them for damages that occurred to their mobile home after it was moved to a new lot.[1] Plaintiffs maintain that Defendants' conduct violates 42 U.S.C. § 1983 and sections 804(b) and (f) of Title VIII of the Civil Rights Act of 1964 (The Fair Housing Act), 42 U.S.C. §§ 3604(b) & (f). In addition, Plaintiffs have moved for appointment of counsel.

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a *pro se* litigant under 28 U.S.C.

---

[1] Plaintiffs' complaint fails to include any allegations against Defendant Sergio Carballo.

§ 1915(e)(2)(B) when the complaint lacks "an arguable basis either in law or fact." *Id.* at 325. *Neitzke* explained that "[§ 1915(e)(2)(B)] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Additionally, under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), a court may dismiss as frivolous in forma pauperis complaints whose factual allegations are fanciful, fantastic, delusional, irrational, or wholly incredible, but not those which are simply unlikely.

The Court concludes that Plaintiffs' complaint is subject to dismissal under *Neitzke*. Plaintiffs' complaint fails to include any allegations of state action, as required by 42 U.S.C. § 1983. *See DeBauche v. Trani*, 191 F.3d 499, 506-09 (4th Cir. 1999)(claims under section 1983 require the deprivation of a right by a state actor). In addition, Plaintiff's complaint does not contain any allegations of discrimination on the basis of race, color, religion, sex, familial status, national origin, or handicap, as required by 42 U.S.C. §§ 3604(b) and (f).

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiffs' complaint be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B), and thus, that Plaintiffs' request for appointment of counsel be denied.

-2-

Case 1:05-cv-00423-WLO-PTS   Document 5   Filed 05/17/2005   Page 2 of 3

**IT IS FURTHER ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this order.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: May 17, 2005